# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RHONDA J. COUGHLIN,**
**BRIAN E. DONAHUE**

               **Plaintiffs,**

**-vs-**                                                            Case No.  6:10-cv-1102-Orl-28GJK

**MARTINIS AT THE PORT, INC.,**
**THOMAS MAMCZUR,**
**NINETTE MAMCZUR,**

               **Defendants.**

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT AGAINST ALL DEFENDANTS (Doc. No. 14)** |
| **FILED:** | **January 21, 2011** |
| | **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED in part and DENIED in part.** |

**I.     BACKGROUND.**

On July 23, 2010, Rhonda J. Coughlin ("Coughlin") and Brian E. Donahue ("Donahue") (collectively, the "Plaintiffs") instituted this action by filing a complaint (the "Complaint") against Martinis At The Port, Inc. (the "Martinis"), Thomas Mamczur ("T. Mamczur"), and Ninette Mamczur ("N. Mamczur") (collectively, the "Defendants") alleging violations of the

overtime and minimum wage provisions of the Fair Labor Standards Act (the "FLSA"). Doc. No. 1. On August 5 and September 2, 2010, Plaintiffs served the Defendants with a copy of the summons and the Complaint. Doc. Nos. 7-9. The Defendants failed to respond to the Complaint and, on December 23, 2010, the Clerk entered default against the Defendants. Doc. No. 13.

On January 21, 2011, Plaintiffs filed a Motion for Entry of Default Final Judgment Against All Defendants (the "Motion"). Doc. No. 14. The Motion and the proposed order attached thereto seek a judgment against Defendants for a total amount of $1,252.18, representing $999.10 to Coughlin for unpaid overtime and minimum wages, including liquidated damages, and $253.08 to Donahue for unpaid overtime and minimum wages, including liquidated damages. Doc. Nos. 14 at 4, 14-1 at 1-2.

Coughlin and Donahue provided affidavits in support of the amount of damages claimed. Doc. Nos. 14-2, 14-3. Coughlin avers that she is owed a total of $1,319.10, calculated as follows: $1,172.82 in unpaid minimum wages, inclusive of liquidated damages ($7.25 per hour x 80.884 hours = $586.41 + $586.41 in liquidated damages = $1,172.82); plus $146.28 in unpaid overtime wages, inclusive of liquidated damages ($13.50 overtime wages per hour x 5.418 hours = $73.14 + $73.14 in liquidated damages = $146.28). Doc. No. 14-2 at 1. Thus, Coughlin calculates that her time-and-a-half overtime rate is $13.50. *Id*. Coughlin states that, although Defendants have not responded to the Complaint, in August of 2010, Defendants provided Coughlin with $320.00. Doc. No. 14-2 at 2. Accordingly, Coughlin deducts $320.00 from the total amount of damages claimed ($1,319.10) for a net total of $999.10 in damages. Doc. No. 14-2 at 2.

Donahue avers that he is owed a total of $517.08, calculated as follows: $471.48 in unpaid minimum wages, inclusive of liquidated damages ($7.25 per hour x 32.516 hours = $235.74 + 235.74 in liquidated damages = $471.48); plus $45.60 in unpaid overtime wages ($4.00 half-time wages per hour x 5.7 hours = $22.80 + $22.80 in liquidated damages = $45.60). Doc. No. 14-3 at 1. Donahue asserts that he was paid straight time wages for the 5.7 hours of overtime worked and, therefore, he is only claiming that half-time wages are owed. Doc. No. 14-3 at 1. Donahue calculates his half-time wages as $4.00 per hour. *Id*. Donahue states that, although Defendants have not responded to the Complaint, in August of 2010, Defendants provided Donahue with $264.00. Doc. No. 14-3 at 2. Accordingly, Donahue deducts $264.00 from the total amount of damages claimed ($517.08) for a net total of $253.08 in damages. *Id*.

**II.   THE LAW.**

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Defendant also admits that it was an employer and was required to comply with the FLSA. *See Id*. Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See Id*. Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

*Id*. A plaintiff may establish the necessary amount of damages by affidavit. *See* Rule 55(b), F.R.C.P. (2007). Additionally, an employer who willfully violates the provisions of the FLSA is

liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (2007).

### III. APPLICATION.

#### A. Wages.

Pursuant to 29 U.S.C. § 207(a)(1), Plaintiffs were entitled to be paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours during a work week. *Id.*[1] As set forth above, Coughlin claims that she was not paid for any overtime hours worked and Donahue claims that he was only paid straight time, rather than time-and-a-half. Doc. Nos. 14-2 at 1, 14-3 at 1. However, Plaintiffs miscalculate their half-time rate. Plaintiffs maintain that their regular rates of pay were $7.25 per hour. Doc. Nos. 14-2 at 1, 14-3 at 1. Half of $7.25 per hour is $3.62. Thus, Plaintiffs' overtime rates, time-and-a-half, were $10.87 per hour ($7.25 + $3.62). Coughlin claims that her time-and-a-half rate was $13.50 per hour. Doc. No. 14-2. Likewise, Donahue claims that his half-time rate was $4.00. Doc. No. 14-3 at 1. Accordingly, Plaintiffs have miscalculated their total damages.

The correct calculations of Plaintiffs' damages, before the Defendants' contributions, are set forth in the tables below:

---

[1] Section 207(a)(1) states:
> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce for a workweek longer than forty hours unless such employee receives compensations for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

| Coughlin | Rate | Hours | Total | Liquidated Damages | Total |
|---|---|---|---|---|---|
| Unpaid minimum wages | $7.25 | 80.884 | $586.41 | $586.41 | $1,172.82 |
| Unpaid overtime wages | $10.87 | 5.418 | $58.89 | $58.89 | $117.79 |
| **Total** | | | | | **$1,290.61** |

| Donahue | Rate | Hours | Total | Liquidated Damages | Total |
|---|---|---|---|---|---|
| Unpaid minimum wages | $7.25 | 32.516 | $235.74 | $235.74 | $471.48 |
| Unpaid overtime wages (Half-time rate only) | $3.62 | 5.7 | $20.63 | $20.63 | $41.27 |
| **Total** | | | | | **$512.75** |

After applying Defendants' contributions, Coughlin's total damages are $970.61 ($1,290.61 - $320.00), and Donahue's total damages are $248.75 ($512.75 - $264.00).

    **B.**    **Attorneys' Fees.**

The Act mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). In the Motion, counsel for Plaintiffs does not request any attorneys' fees. Doc. No. 14. In the proposed order attached to the Motion, counsel states that he will seek attorneys' fees by separate motion. Doc. No. 14-1 at 2.

    **C.**    **Costs.**

Rule 54(d), Federal Rules of Civil Procedure, provides that costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal statutes, the federal rules, or a

court order provides otherwise. *Id*. In awarding costs, the Court is bound by the limitations set forth in 28 U.S.C. §§ 1821 and 1920 unless a statute or contract specifically authorizes taxation for such costs. In the Motion, counsel for Plaintiffs does not request costs. In the proposed order attached to the Motion, counsel states that he will seek costs by separate motion. Doc. No. 14-1 at 2.

**IV.   CONCLUSION.**

Based on the forgoing, it is **RECOMMENDED** that:

1. Plaintiffs' Motion (Doc. No. 14) be **GRANTED in part and DENIED in part**;

2. The Court enter judgment for Plaintiffs and against the Defendants in the following respects:

    a. Coughlin:

        i. $970.61 in unpaid minimum and overtime wages;

    b. Donahue:

        i. $248.75 in unpaid minimum and overtime wage; and

3. Direct the Clerk to close the case within fourteen (14) days after the Court enters judgment.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 21, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Presiding District Judge
Counsel of Record
Unrepresented Party