# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RHONDA J. COUGHLIN,**
**BRIAN E. DONAHUE**

                **Plaintiffs,**

**-vs-**                                           **Case No.  6:10-cv-1102-Orl-28GJK**

**MARTINIS AT THE PORT, INC.,**
**THOMAS MAMCZUR,**
**NINETTE MAMCZUR,**

                **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND REASONABLE EXPENSES OF LITIGATION (Doc. No. 18)** |
| **FILED:** | **June 2, 2011** |
| | **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED.** |

### I. BACKGROUND.

On July 23, 2010, Rhonda J. Coughlin ("Coughlin") and Brian E. Donahue ("Donahue") (collectively, the "Plaintiffs") instituted this action by filing a complaint (the "Complaint") against Martinis At The Port, Inc. (the "Martinis"), Thomas Mamczur ("T. Mamczur"), and Ninette Mamczur ("N. Mamczur") (collectively, the "Defendants") alleging violations of the

overtime and minimum wage provisions of the Fair Labor Standards Act (the "FLSA"). Doc. No. 1. On August 5 and September 2, 2010, Plaintiffs served the Defendants with a copy of the summons and the Complaint. Doc. Nos. 7-9. The Defendants failed to respond to the Complaint and, on December 23, 2010, the Clerk entered default against the Defendants. Doc. No. 13.

On May 19, 2011, the Court entered an order granting in part and denying in part Plaintiffs' motion for default judgment (Doc. No. 14). Doc. No. 16. The Court directed the Clerk to enter judgment in favor of Coughlin in the amount of $970.61, jointly and severally, against the Defendants, and in favor of Donahue in the amount of $248.75, jointly and severally, against the Defendants. Doc. No. 16 at 2. On May 20, 2011, the Clerk entered the judgments. Doc. No. 17.

On June 2, 2011, Plaintiffs filed a Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation (the "Motion"). Doc. No. 18. In the Motion, Plaintiffs state that they are entitled to an award of reasonable attorneys' fees and costs as the prevailing party under 29 U.S.C. § 216(b). Doc. No. 18 at 1. Plaintiffs seek a total of $4,137.50 in attorneys' fees and $455.00 in costs. Doc. No. 18 at 4-5. More specifically, Plaintiffs seek $3,087.50 in attorneys' fees for Robert S. Norell, Esq., representing 9.5 hours of work at a rate of $325.00 per hour, and $1,050.00 in attorneys' fees for Jon M. Kreger, Esq., representing 5.25 hours of work at a rate of $200.00 per hour. Doc. No. 18 at 2-5. Plaintiffs attach affidavits from Plaintiffs' counsel attesting to the reasonableness of the hourly rates and a detailed time sheet showing the individual who performed each task. Doc. Nos. 18-1 at 1, 18-2, 18-3. Thus, Plaintiffs request that the Court award Plaintiffs reasonable attorneys' fees in the amount of $4,137.50, and costs in the amount of $455.00. Doc. No. 18 at 10.

## II.     ANALYSIS.

The Act mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "<u>in addition to</u> any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434. In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gains v. Dougherty Co. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985).

"The [fee] applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988). Counsel's affidavit alone is generally not a sufficient basis for determining whether the fees and costs incurred are reasonable.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . **[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.** Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F. 2d at 1299 (emphasis added). However, the Court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)**;** *Norman*, 836 F. 2d at 1303; *see also*

3

*Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002); *Schmidlin*, 2008 WL 976158 at *3.

In his affidavit, Mr. Norell states that he was admitted to the Florida Bar in 1994, he has significant experience in employment discrimination law, his current practice is devoted primarily to handling FLSA cases, and that in the past he has charged between $250.00 to $350.00 per hour. Doc. No. 18-2 at 1-2. Mr. Norell states that his requested rate of $325.00 per hour is reasonable. *Id*. at 3. Mr. Kreger states that he has been practicing since 2009, and he has focused primarily on FLSA work. Doc. No. 18-3 at 1-2. Recently, in a similar FLSA case, the Court approved reasonable hourly rates of $325.00 and $175.00 respectively for Mr. Norell and Mr. Kreger. *See Lee v. Sky Plumbing, Inc.*, Case No. 6:09-cv-2109-Orl-31DAB, 2010 WL 3604090 at *2 (M.D. Fla. Aug. 13, 2010), adopted at 2010 WL 3604046 (M.D. Fla. Sept. 10, 2010). Accordingly, it is recommended that the Court find the requested hourly rates for Mr. Norell ($325.00) and Mr. Kreger ($200.00) are fair and reasonable.

The undersigned has reviewed the number of hours expended by Mr. Norell and Mr. Kreger in this case, and recommends that the Court find the number of hours expended are reasonable. *See* Doc. No. 18-1. As set forth in the Motion and Mr. Norell's affidavit, the $455.00 in costs requested represents the following: $350.00 for the filing fee; $105.00 in service of process fees. Doc. Nos. 18 at 4; 18-2 at 4. It is recommended that the Court find the costs incurred are reasonable.

### III.    CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that:

1. Plaintiffs' Motion (Doc. No. 18) be **GRANTED**; and

2. The Court award Plaintiffs $4,137.50 in attorneys' fees and $455.00 in costs, jointly and severally, against the Defendants.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 6, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Presiding District Judge
Counsel of Record
Unrepresented Party